FILED
SUPERIOR COURT
OF GUAM

2019 JUN -4 PM 4 59

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO: CF0115-17 |
| vs. | **DECISION AND ORDER DENYING DEFENDANT'S EX PARTE MOTION TO SUSPEND SENTENCING DUE TO DEFENDANT'S INCOMPETENCY** |
| A-LAST AMANTO SIMIRON, | |
| Defendant. | |

### Introduction

This matter came before the Honorable Maria T. Cenzon on May 30, 2019 for an Ex Parte Motion to Suspend Sentencing due to Defendant's Incompetency. Defendant was present and represented by Alternate Public Defender Ana Maria Gayle. Assistant Attorneys General Sean Brown and Jeremiah Luther represented the People of Guam. The Court subsequently took the matter under advisement. Having reviewed the record and relevant law, the Court now issues this Decision and Order hereby DENYING Defendant's Ex Parte Motion to Suspend Sentencing Due to Defendant's Incompetency.

### Background

Defendant was found guilty by a jury of the following offenses: Charge Two Murder (as a 1st Degree felony); Charge Three Manslaughter (as a 1st Degree Felony); Charge Six Aggravated Assault (as a 2nd Degree Felony); Charge Seven Theft of Motor Vehicle (as a 2nd Degree Felony); Charge Eight Aggravated Assault (as a 3rd Degree Felony); and Assault as a Misdemeanor as a lesser-included Offense of Charge Nine Aggravated Assault (as a 3rd degree Felony). The Court initially set sentencing for February 26, 2019; however, the Court continued the hearing to May 30, 2019 to afford counsels an opportunity to submit their sentencing

memorandums. The People argued for a sentence of life imprisonment with parole eligibility beginning at 20 years and deferred to the Court on the remaining sentencing terms as stated in the People's Sentencing Memorandum filed on February 26, 2019. Defense counsel moved for a life sentence with eligibility of parole after 15 years and a concurrent sentence for the remaining, non-merging charges as provided in the Defendant's Sentencing Memorandum filed on March 26, 2019. Defense counsel did not raise Defendant's competency in the sentencing memorandum. In fact, Defendant's competency was raised for the first time mere hours before the continued sentencing hearing set for May 30, 2019. The People orally opposed the Motion on the record.

Defense counsel argues the following information provide a reasonable cause to believe Defendant is incompetent to be sentenced: (1) Defense's counsel's "gut feeling" and opinions about Defendant's behavior and (2) her review of the pre-sentence report. Defense counsel also attributes the delay in filing of the instant motion to her recent reassignment to the case following Attorney Spivey's departure from the office. Although Attorney Spivey was the assigned attorney in this case and Attorney Gayle was not present during trial, Attorneys Gayle and Spivey are employed by the same office–the Office of the Alternate Public Defender.[1] Defense counsel moved to suspend sentencing until the completion of a forensic evaluation, arguing that the Defendant does not understand the proceedings against him and is unable to cooperate with counsel.

The People orally opposed Defendant's Motion referencing an 18-month long pre-trial proceeding and counsel's failure to raise the issue of competency. The People also posit that the pre-sentence report found defendant mentally and emotionally stable. More importantly, the People cite to the Defendant's waiver of counsel during trial and the Court's methodical

---

[1] The court rejects defense counsel's argument which would suggest that her *recent* assignment in this case should carry some weight in the Court's determination. The Court imputes Attorney Spivey's knowledge to all of the attorneys at the Office of the Alternate Public Defender as such attorneys are employed by that office. Further, upon the Court's review of the minute entries in this case from 2017 to 2019, the Court found several hearings where Attorney Gayle was present on behalf of the Office of the Alternate Public Defender and represented the Defendant.

questioning at trial regarding Defendant's competency to represent himself and decision to terminate Attorney Spivey mid-trial.

## Law

The court's inquiry begins with 9 GCA Section 7.40. Guam law permits the court, *sua sponte* or upon the motion of either party, to suspend all proceedings in the criminal prosecution and proceeding with a competency hearing pursuant to Section 7.25 "if there is reasonable cause to believe the defendant is incompetent to be proceeded against or sentenced." The District Court of Guam Appellate Division has previously affirmed a trial court's decision to deny a reevaluation of the Defendant's competency prior to sentencing.[2]

Similarly, *Pate v. Robinson* requires a trial court to hold a competency hearing when there is enough evidence to raise a "bona fide" doubt as to the competence of the Defendant. 383 US 375, 385 (1996). To determine whether a "bona fide" doubt is present, several cases offer the following:

> Evidence before a trial judge raises a "bona fide" doubt when a reasonable judge would be expected to entertain a "genuine doubt" that the defendant is competent. (citation omitted). "A 'bona fide doubt' has also been expressed as 'sufficient doubt,' 'good faith doubt,' 'genuine doubt,' 'reasonable doubt,' and 'substantial question'; these all describe the same constitutional standard." (citation omitted). Important factors which merit a judge's attention include: "irrational behavior, demeanor before the trial court, and available medical evaluations." (citation omitted).[3]

Courts have described substantial evidence as "a term of art." *Id.* "Evidence" encompasses all information properly before the court. *Id.* Under this standard, evidence is "substantial if it raises a *reasonable doubt* about the defendant's competency to stand trial." *Id.* (emphasis added). In *People v. Stankewitz*, substantial evidence was found where one mental health professional has testified that the defendant was unable to assist in his or her defense. *Id.* (citing 32 Cal. 3d 80, 92

---

[2] *People of Territory of Guam v. McManus*, No. CRIM. 88-00069A, 1989 WL 265035, at *3 (D. Guam App. Div. Nov. 14, 1989).

[3] *Thompson v. Pliler*, No. 2005 WL 8160180, at *3 (N.D. Cal. Aug. 11, 2005), aff'd, 339 F. App'x 782 (9th Cir. 2009) (citing *Chavez v. United States*, 656 F.2d 512, 516 (9th Cir. 1982); *Blazak v. Ricketts*, 1 F.3d 891, 893 n.1 (9th Cir. 1993); *United States v. Lewis*, 991 F.2d 524, 527 (9th Cir. 1993) (quoting *Drope v. Missouri*, 420 U.S. 162, 180 (1975))).

(1982)). This standard call for an analysis on totality of the circumstances, the court "must consider all the relevant circumstances, including counsel's opinion." *Id.*

## Discussion

The question to be asked is not whether Defendant was in fact incompetent, but whether there was sufficient evidence to cause this court doubt as to defendant's competence.[4] The Court finds that the evidence here is insufficient to require a competency hearing. Specifically, the Court relies upon the following to support its findings: (1) the court's personal observations of Defendant throughout the proceedings in the span of two years, including nine days of jury trial; and (2) the court's review of the pre-sentence report and amended pre-sentence report filed on February 26 and 27, 2019.

### a. Defense Counsel's opinions without substantiation is insufficient

While trial counsel's opinions or "gut feeling" as to Defendant's mental competency are important, they are not necessarily sufficient to create a "reasonable" doubt or cause for a competency hearing.[5] Defense counsel offers her observations of the Defendant as proof of doubt to his competency. Through her recent interactions with Defendant, his demeanor has gone from completely mellow to alarming–described as screaming at counsel. Without further substantiation, the Court finds Defense counsel's arguments are without merit. Defendant had no prior record of placing his competency at issue, in this case or in any prior cases. Defendant also had no history of receiving treatment for mental, emotional, or substance abuse issues. The Court finds that the Defendant's deliberate decision to be uncooperative should not raise doubt as to his competency.

### b. Court's observations of the Defendant do not raise a doubt in competency

The Defendant initially appeared before this Court on April 4, 2017 and since then Defendant has appeared before this Court at least eighteen other times, including nine days of jury trial. The Court has communicated with the Defendant several times during those hearings.

---

[4] *Thompson*, 2005 WL 8160180 at *3 (citing *United States v. Lewis*, 991 F.2d 524, 527 (9th Cir. 1993)).
[5] *Thompson*, 2005 WL 8160180 at *4 (citing *Torres v. Prunty*, 223 F.3d 1103, 1109 (9th Cir. 2000)).

Based on the Court's observations, Defendant's demeanor during the pre-trial proceedings did not give rise to a doubt about his competency to be proceeded against. Likewise, during the jury trial, the Court observed the Defendant and found no indications of incompetency. In fact, on Days 4, 5, and 6 of the jury trial the Court methodically questioned Defendant about his desire to terminate Attorney Spivey. During trial, Defendant and Attorney Spivey expressed several times that Defendant did not want to proceed with Attorney Spivey as counsel. According to Attorney Spivey, the Defendant did not agree with his trial strategy. During those days, the Court methodically questioned and thoroughly explained to the Defendant the effects of his actions to terminate Attorney Spivey. After the third attempt to terminate Attorney Spivey, the Court accepted Defendant's affirmative responses and ultimately found Defendant knowingly and intelligently waived his right to counsel and that he understood the trial will proceed with Attorney Spivey as standby counsel. While the Defendant's unwillingness to cooperate with Attorney Spivey perhaps demonstrates impolite behavior or a particular disdain for an individual's style, strategy or personality, the Court does not find this indicative of irrational behavior tantamount to incompetence.

c. <u>Evidence in the pre-sentence report do not support counsel's assertions</u>

Having reviewed the pre-sentence report, the Court finds it does not give rise to *any* "reasonable cause" to suspend the proceedings. The Court finds that the incident suggested by defense counsel in 2001 or 2002 (when the Defendant was around four years old) does not raise *reasonable* doubt of the Defendant's competence in light of the Defendant's demeanor and testimony during the course of this matter.

Further, the Court is not convinced that requiring five separate occasions to discuss the pre-sentence report should raise any concerns about the Defendant's competency. In fact, probation services noted that the defendant was calm and cooperative, but reticent about answering personal questions. Contrary to defense counsel's assertions, the pre-sentence report did *not* indicate that multiple meetings were necessary due to Defendant's inability to comprehend the nature of the proceedings or understand the circumstances.

The Court also finds that the medical evaluations contained in the pre-sentence do not support Defense counsel's assertions. Having thoroughly reviewed the record in this case, the Court cannot find that the prior diagnoses are sufficient to doubt the Defendant's competence.[6]

## Conclusion

For the reasons provided above, the Court hereby DENIES Defendant's Ex Parte Motion to Suspend Sentencing Due to Defendant's Incompetency.

The Sentencing hearing is scheduled for **June 10, 2019** at **9:00 a.m.**

SO ORDERED this ___**JUN 04 2019**___.

_____

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

AG

APD

Date: 6/4/19 Time: 5pm

Deputy Clerk, Superior Court of Guam

---

[6] *Triggs v. Chrones*, 346 F. App'x 173, 175 (9th Cir. 2009), as amended on denial of reh'g (Nov. 30, 2009) (citing *de Kaplany v. Enomoto*, 540 F.2d 975, 983 & n. 9 (9th Cir.1976)).